

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-17-00100-CR

MICHAEL ALAN SANDS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 354th District Court
Hunt County, Texas
Trial Court No. 31,416

Before Morriss, C.J., Moseley and Burgess, JJ.

# O R D E R

Our review of the clerk's and reporter's records in this case indicates that they contain "sensitive data" as that phrase is defined in Rule 9.10 of the Texas Rules of Appellate Procedure. *See* TEX. R. APP. P. 9.10(a). Sensitive data includes "a birth date, a home address, and the name of any person who was a minor at the time the offense was committed." TEX. R. APP. P. 9.10(a)(3). The clerk's record and volumes one, six, eight, nine, ten, eleven, twelve, thirteen, and fifteen of the reporter's record contain the name of a person who was a minor at the time the offense was committed. Rule 9.10(b) states, "Unless a court orders otherwise, an electronic or paper filing with the court, including the contents of any appendices, must not contain sensitive data." TEX. R. APP. P. 9.10(b).[1]

Rule 9.10(g) provides, "A court may also order that a document be filed under seal in paper form or electronic form, without redaction." TEX. R. APP. P. 9.10(g). Therefore, because the clerk's record and the reporter's record contain sensitive data, we order the clerk of this Court or her appointee, in accord with Rule 9.10(g), to seal the electronically filed clerk's record and volumes one, six, eight, nine, ten, eleven, twelve, thirteen, and fifteen of the electronically filed reporter's record in this case.

IT IS SO ORDERED.

BY THE COURT

Date:   April 5, 2018

---

[1]Although the clerk's record appears to include redactions, these redactions are ineffective. The redacted information can either be seen through the redaction, or the redacted information is easily discernable when that information is cut and pasted into a new document.